Okay the second appeal is docket number 23-1047 Champagne v. McDonough Good morning your honors. May it please the court. My name is Fallon Marie LaPanzina and I'm here to represent Mr. Champagne, Julian P. Champagne as appellant's counsel. There are two issues in this case your honors. The first is the misinterpretation of 38 C.F.R. 3151-A. The veterans court misinterpreted the statute based on its, the regulation, excuse me, based on its reliance on Stewart. Which found that 3151-A is permissive in nature for the purposes of permitting the VA to use its discretion to elect the type of benefit being sought by the veteran. Unfortunately, Stewart and this, the veterans court misinterpretation of 3151-A flies in the face of the plain language of the statute. It gives unfettered discretion to the board to determine which benefit will be awarded as opposed to the veteran. Which squarely places the power, 3151-A squarely places the power to elect the type of benefit sought within the control of the claimant. What statute are you talking about? 3151-A is a regulation, right? I'm sorry. I keep saying statute, your honor. My apologies. I just want to make sure. Mr. Carpenters continually reminded me of that. I mean regulation. Okay. Thank you. So regulation 38 C.F.R. 3151-A and thank you for bringing that to my attention. So how do you think this should work? If a veteran files a claim, what's the VA supposed to do? This particular form that the veteran filled out was entitled. I don't really want to talk about the facts in this case because you know we can't apply the law to the facts. What's your view of what this regulation requires the VA to do? It requires the VA to adjudicate the issue of pension and service connection and then give notice to the veteran about what the greater award is and only then may the veteran elect the lesser benefit. In your view, this regulation requires that every single application that every veteran files with the VA, they have to look at the pension and benefits claim. Every application that is titled pension or service connection, correct. Even if there's no indication other than the title of the form that the applicant is interested in both. What other indication would the veteran have? If they're filling out a form that says they're applying for both service connection or pension. This regulation, though, it doesn't say whenever a veteran fills out a claim form that could optionally serve as a claim for compensation or for pension. It just says, you know, a claim by a veteran for compensation may be considered a claim for pension and vice versa. That's not all that it says. It says that the greater benefit will be awarded. Hold on a second. I'm just trying to understand your theory of this rule. And I think your theory of the rule necessarily requires that any claim submission by a veteran has to necessarily be considered by the VA as a claim for compensation as well as alternatively for a pension and then whichever one gets the greater benefit is the one that the VA will provide. Right, because that's what the regulation says. I just want to make clear. Your initial argument was, well, when the form says this can be a claim for pension or compensation, but in fact it has nothing to do with the format of the form. That doesn't matter. In fact, this is a purely legal question. Every time in your view when a veteran submits a claim, the VA has zero discretion. It has to consider it both as a possible compensation and also pension. That's because that's what the regulation says. Yes. But the form also is not just for compensation. It says application for disability compensation or non-service connected pension. Right. But right now we're just looking at the regulation in isolation. We're not worrying about champagne and cocktail. So let's just talk a little bit more technically about what the regulation is. Please continue just about the regulation. The regulation states that the greater benefit will be awarded unless the claimant specifically elects the lesser benefit. We cannot construe a regulation that says specifically elect the lesser benefit to mean that the VA gets to unilaterally use their discretion to determine what the veteran was trying to do when they submitted that form. I'm going to obviously ask the government about the third sentence, but I feel like I have to ask you about the second sentence where it says may be considered to be a claim for pension. Likewise, may be considered to be a claim for compensation. Mr. Champagne, if I may respond. I'm going to ask my question too. Isn't your argument essentially rewriting that second sentence into a veteran's claim will be considered both a claim for a pension and a claim for benefits? That's a yes or no question. Can you ask the question again? I mean, you said earlier that the VA has to consider them both. So if that's what you're saying this regulation requires, aren't you rewriting that second sentence into the VA will consider an application both as a claim for benefits and as a claim for a pension? No, I'm not writing it. The VA wrote it. No, that sentence doesn't say what I just said, right? But that's what your interpretation of that sentence is that it will consider it instead of it may consider it. I'm not interpreting anything. I'm just looking at the plain language of the statute. Well, the plain language does not say will. It says may. And if I may. Your interpretation is will. Is that correct? Incorrect. So your interpretation is not that they will consider both types of benefit claims? It is. You said that earlier that it's incumbent upon the VA to consider a claim under both a benefit claim and a pension claim. Right, because of the second sentence in the reg that the VA wrote. But that's your position. If I may. And where do you locate that? If I may speak to the language in the reg so that I can explain. If I may. Will. I know you get frustrated with me, but you interrupt me constantly. This second sentence does may, but your interpretation would convert that to will. Is that not true? No, it is not. Why not? Because the only reason that the language may is used is because the VA was intending the discretion to the veteran by then saying the greater benefit will be awarded unless the claimant expressly elects, specifically elects the lesser benefit. So basically the VA was saying it can be won for either or, but we're going to determine what the greater or lesser benefit is, and then the veteran must specifically elect the lesser if that is what they choose. So the first sentence does not inert discretion to the VA. It inerts the discretion to the veteran based on the second sentence in the reg. Do you really think that when the VA enacted this regulation, they intended for the regional office staff to consider every single claim submitted by the millions of veterans under both schemes? Only when the application says disability compensation or pension. Are there different applications? There's other applications that are just for service connection disability compensation. Correct. Do you have any sense of how often this one is used versus the other ones? Tens of thousands of veterans have utilized this application that says pension or service connection in order to retrieve benefits. But your argument is that the VA only has to do the analysis of both the disability claim and the pension claim if this form is used? Correct, Your Honor. And is there anything in the regulation or any other authority that would say the regulation means that with respect to this form, but not with respect to other forms? Because this regulation was enacted at the same time that that form was put into place. So the regulation was there to support that. There's no reference to the form, right, in the regulation? And certainly the language that we're arguing about doesn't have any reference to any form, does it? What other purpose would the regulation serve if not to support the form that they're using to obtain benefits? I guess the concern we have, it sounds like, is that it would be strange for us to interpret this regulation on a form-by-form basis when the regulation itself says nothing about the character of any particular form. I think that we're getting away from the issue here, which is that there's a regulation in place that the VA must follow according to a CARTI, and I don't think it matters what form. I don't think we're getting away from the question because you're the one, as I understood your opening argument, that introduced the idea that it matters what kind of form that we should be – that we're looking at to decide how to apply the regulation. I'm not concerning myself with other forms that other veterans apply. I represent Mr. Champagne, and this is the form that he used to apply for benefits, and this was – this is the regulation that was expanded at the time. Are you saying that if it's just a form for benefits, they don't have to determine the pension benefits? No, I'm not making that argument. That's for another case and another lawyer. This is a form that my client used. We're an appellate court. We are not the initial trier of fact here, and so we have to figure out the logical extent of your argument and how far it extends. And so you don't get a refuse to answer our hypothetical questions just because you don't want to. And so why would your argument be limited to people that filled out the application for compensation or a pension form based upon this regulation? If your argument is that third sentence requires the VA to determine whether a veteran is entitled to which award is higher, why wouldn't it apply to all veterans? It should apply to all veterans, but I'm here to argue on behalf of Mr. Champagne. Okay. So it doesn't matter then what form this applies, right? If it applies to all veterans, it applies to all veterans. What I'm saying is that this is a proclaimant system, and when a veteran reads an application to say disability compensation or pension, that's what they expect to be adjudicated, one or the other. And then based on the regulation – Does it matter which form they file, or does it not matter? In this case, it matters that – Does it matter under this regulation in your interpretation? Under the regulation, it doesn't matter, no. I mean, it should be – the regulation says what it says, and it should be followed regardless. Okay. You have a whole alternative argument, which I think you say is the basis for affirmance, that somehow the Veterans Court did its own improper fact-finding. Right. What fact-finding did they do that was improper? There was a January 2018 rating decision that finally adjudicated the issue of whether or not the 1987 application was one for pension or service connection, and it did in fact state it was for both, and it denied service connections stating that the elements were not met at the time. And the Board and the Veterans Court weren't obligated to follow that, were they? Well, the Board was required to address the finding of fact made by the regional office because the Veterans – I'm getting you distracted. What is the finding of fact that the Veterans Court did here that is improper? What did they specifically find that you say they shouldn't have found, the Veterans Court? The Veterans Court found that there was no finding of fact made, and if there had been, that it was inconsequential. Okay. I understand. Thank you. Ms. Lattuzina, you're into your rebuttal. Do you want to say that? Thank you. Ms. Tanton? Okay. Thank you. May it please the Court. The Court should dismiss Mr. Campaign's appeal based on lack of jurisdiction. Why? I mean, we're – I know you always make that argument. Me and you have. But we're clearly talking about the proper interpretation of this regulation, right? And we have jurisdiction to consider that. Right. The Court has jurisdiction if it finds that the Veterans Court engaged in an interpretation of Section 3.151A. Well, it at least implicitly did when it relied on a supported case, which interpreted the regulation as the government wants to interpret it. So don't waste your time on the jurisdictional stuff. This is not the VA's worst regulation, but it's certainly not the best regulation because that third sentence is confusing when read in the context of the second sentence. So how do you explain that? That the – well, I'll start by stating that the may be considered – a claim by a Veteran for compensation may be considered to be a claim for pension, and a claim for – by a Veteran for pension may be considered to be a claim for compensation. It relates back to the Veteran having first filed a specific claim on the form prescribed by the Secretary as described in the first sentence. Before moving on to the third sentence, then, that may be considered – Sure. The may be sentence seems clearly discretionary, and it seems to allow the Secretary to look at the claim form and determine what the Veterans are applying for. That makes sense. But if they have to give them the greater benefit of the two, then why doesn't that suggest that in every case they have to look at both? Because the election described in the third sentence is modifying the discussion of the award, and it's illogical to, under the Doctrine of Blasphemy antecedent, to read it back to the consideration part, as apparently the Veteran is doing here. That's a more remote word. In fact, Section 3.151A should read – Can you just give me an example of the situation when that third sentence would come into play, that the Secretary gets an application and it's unclear what they're applying for, and they would do both calculations? Aren't disability benefits in most cases more, or am I wrong that they're more in most cases than pension benefits? It's my understanding that's correct, that disability compensation would be more. To start with an example of when there would be an election, my understanding is that it's possible if you obtain disability benefits that it could limit your ability to obtain other benefits, other types of government-awarded benefits. Non-VA benefits. Correct, yeah. And therefore, perhaps you would prefer the pension that wouldn't cut into those benefits. So that would be an example where there could be an election to take the lesser. But as for when there might have to be a determination of what's being sought here, are two things being sought here. The form has sections that have to do with your income, which would go towards the pension question. It also has questions about your disability and when did it first manifest and things like that, that could potentially implicate a disability service connection question. So I think that that would be a situation where that could come into play. In this case, in turning to the facts a bit, the board looked at the form and read the form and applied this discretion that's described in 3.151A. And, in fact, Mr. Champagne argued below that VA has a duty to liberally construe the filings of pro se claimants, including the form. And you don't disagree with that, right? If you say that in a form that's ambiguous, the VA has a duty probably to look at that under both provisions. I think that's true. And there's a – in fact, in this case, there was a medical examination after the form was filed and there was some consideration of what the medical evidence was. When the decision came out in December 1987, it said you've been awarded pension benefits. An earlier letter said we've got your application for pension. And Mr. Champagne never filed a notice of disagreement or an appeal saying, no, wait, I didn't apply for pension. I was actually applying for service connected. Is this the only regulation that speaks to the possibility of the VA considering a claim to be either compensation or pension or both? I think this is the only one that I'm aware of. I think, though, it helps to read the third sentence about election in conjunction with 38 CFR 3.701A, which talks about entitlement. It says a person entitled to receive pension or compensation under more than one section of a law administered by VA may elect whichever benefit regardless of whether it is the greater or lesser benefit.  It comes first before the election under that section. I guess this regulation, though, that we have in front of us today, 3.701A, it is at a minimum a little confusing, maybe a lot confusing. I see you nodding your head for the record. So the first sentence I understand, the second sentence I understand, and then the third sentence, it feels like this movie takes a plot twist. And I'm trying to understand. It feels like your interpretation requires us to believe that there's a silent opening clause to the third sentence. And that silent clause would be something like, and when the VA does elect to run a both a compensation and pension calculation  if there is a And so that's how you want us to understand this regulation. Now, what I just said isn't actually written in there. And now you have to explain to us why I'm compelled to think about the regulation in that way. Well, the process that's laid out in 3.151A starts with the Veteran filing out a form with a specific claim. Then VA is undertaking the consideration that may be considered is regulatory language and passive voice like the court considered in Stallworth v. Shinseki and concluded it refers to VA. It doesn't refer to the Veteran. It would be, I think the consideration that's then made as described in the second sentence must be, must come to a conclusion that there are, that maybe there are both being sought before the third sentence comes along and the greater benefit will be awarded unless the claimant specifically elects the lesser benefit. The, and one other point is that the Veterans Court only relied on its conclusion about the 3.151A being permissive, not mandatory. It only dealt with the question of discretion. It didn't go into some of the other issues that the Veterans raising about election in the third sentence. So it wasn't, those points aren't the interpretation that the Veterans Court relied on under 38 U.S.C. 7292A. I have a couple of questions about the discussion we had with your friend about whether the claim mattered or not. Is it your view that if the Veteran filed a claim on a form that just said for pension benefits but clearly identified in the text that they were seeking service-connected disability benefits that the VA could ignore the request for service connection just because they filed it on a form for pension benefits? Or wouldn't they, with the duty to assist, have to interpret it as a claim at least for both? But clearly trying to discern what the Veteran's intent was. There is discretion, I think, to, and 3.151A is describing that type of discretion to go outside of the title of the form. And although the first sentence does refer to a specific claim in the form. I guess what I'm getting at is if we agreed with your friend that this wasn't permissive, that it was mandatory, it wouldn't just apply to this one claim form that has either or. It would apply to every single claim filed by every Veteran. That's my understanding. It will be, is the reading that the Veteran wants. However, my understanding is that will be is putting it onto the Veteran, not the VA, to make the consideration. That's not an argument that's supported by the language of the regulations, however. The Veterans Court relied on its own precedent and spirit, correct? Right. It seems that Stewart imposes a limit on the VA's discretion under 3.151A. I think in Stewart, the court at least suggested that wherever there is evidence in or submitted with the application, which VA could construe as a claim for the other benefit besides the one that it looks like the applicant is most likely applying for. In that circumstance, the VA has to go through the analysis of doing both. Do you agree that that's what Stewart says? I believe so. I'm not super familiar with the Stewart decision. Yes, I think that Stewart is also saying, yes, you need to consider the contents of the form and the submission. What is the government's position here? Should we say that what the regulation means is that whenever there is evidence in or submitted with the application, then the VA's discretion would be abused if the VA did not consider the application for both pension and disability benefits. I think that, and I'm going to make sure I understand. Yes. I think that the VA has a great deal of discretion to determine what type of claim is being asserted. Certainly looking at the evidence that's been submitted, looking at what parts of the form have been filled in, and what the statements in the form are. Let me put it this way. If the form, whatever form is used, clearly asks for both, does the VA have discretion to say, we're only going to look at pension? I don't think so. That would be an abuse of discretion, right? I believe so if it's really clear. If it's really clear, I think that's the easy case. What if it's unclear, if it's ambiguous? Does the VA have discretion to say, this is not clear, but it's unclear, but we're only going to look at pension, for example? I don't think so, but it will be a detailed factual finding by the board. The VA has a duty to assist, right? So if it's an ambiguous form, it's not discretion for the VA. They have a duty to assist the veteran in determining what type of benefit he or she is applying for, right? So if they don't do that, the veteran can challenge that as a violation of the duty to assist. They can say the VA has misconstrued the form, and those are factual determinations that are reviewed by the board and then reviewable by the Veterans Court for clear error. Not by us, of course. But there's a way for the veteran to say, you got it wrong. I didn't mean to apply for pension benefits. I meant to apply for both, or I meant to apply for service-connected disability benefits. There definitely is, and certainly... I assume that's what generally happens in these cases is the VA looks at the form and tries to determine what they're applying for and processes it. And in this case, sent a letter saying, we've received your application for pension benefits. And certainly there were many opportunities, including at the medical examination, for Mr. Champagne to explain that he was not seeking pension benefits if that were, in fact, the case. And I'll just note that the argument that Mr. Champagne raises about fact-finding, it isn't supported. The Veterans Court simply said it need not determine whether the agency of original jurisdiction made a finding, a factual finding that the September 1987 claim encompassed a claim for disability benefits, because the board would not be bound by that finding. So there was no fact-finding. Even the RO had done a very elaborate fact-based analysis on whether this claim included a claim for both compensation and pension. Would it be okay if the board just rendered its own individual independent analysis and ignored the RO's very intense fact-based analysis? I believe that, yes, because the court concluded in Disabled American Veterans, the Secretary of Veterans Affairs at 419 F-1317, that the board is the ultimate decision-making authority on claims under U.S.C. 511A and 7104A. So the board would be acting within its authority to do so. And finally, I'm running out of time, but I'll just note that we believe that the CDD claim that supposedly was raised in the 1987 application is not currently pending because a June 2002 regional audit. Oh, this is your M-29? Okay. We have that. And since I'm out of time almost, I will simply ask the court to just affirm the decision of the Veterans Court. Thank you. Let's give it three minutes. Thank you. I'd just like to remind the court that this is a proclaimant system, and when a veteran reads a regulation, they read it as a layperson, and then they expect the plain language to rule. The consequences which flow from potentially construing every application, those pension and service connection, are of no consequence to a veteran who reads a regulation that says it's going to be considered as one for both, and then I get to choose which benefit that I want. And that's what it boils down here to, is that he filled out a form asking for both. The regulation says that both are going to be adjudicated, and that he'll be given notice about which one is the greater benefit, and then he makes a specific election as to what he gets. And that's really where we end up in this case, is that it's what the veteran can expect from the regulations the VA puts into place and is bound by, not what lawyers debate about how language can be construed. It's very plain in the reg what the VA is going to do, and that is they're going to let them know what the benefit that's greater is, and then they're going to give the veteran the opportunity to make a decision about that. This is an earlier effective date case. The veteran has been waiting for over three decades for a disability compensation claim to be adjudicated by the VA, and he has consistently stated that throughout his notices. Still waiting for the compensation claim to be decided that I filed in 1987. He's said it many times throughout these proceedings, yet it has not been done. It is still a pending claim based on the pending claims doctrine because it was never adjudicated by the VA. So today we would ask that the court reverse the veteran's court decision and allow the board to use the correct interpretation of the regulation to determine whether or not the veteran, the greater benefit is pension or service connection and give that option to the veteran so that then he can decide based on the VA's own regulation that it put into place consistent with this proclaimant system. And that is all I have unless your honors have any more questions for me. No. Thank you very much. Thank you. The case is submitted.